This case involves a construction of the provisions of Ch. 86, Laws of 1921 (Art. 22, Ch. 41, Comp.Stats. 1941) being "An Act to Prevent and Prohibit Gambling in the State of New Mexico."
It arises out of the following facts reflected in the pleadings: The appellant alleged that he is the owner of certain marble machines and slot machines which he had stored in a building near Albuquerque. It was represented to appellant that the Chamber of Commerce of Alamogordo and the people of Otero County were putting on a County Fair at Alamogordo and that a Committee of the Chamber of Commerce having charge of the management of said County Fair solicited appellant to lend to said Committee a number of said machines to be used as a part of the entertainment feature of such County Fair. In the course of the negotiations the Committee agreed with appellant that said machines would not be used for the violation of any laws of the State of New Mexico. Upon such representations the machines were loaned to the Committee without charge or expectation of reward, and solely for the purpose of assisting the Fair Committee in putting on the Fair for the benefit of the community generally.
The State, through her Assistant District Attorney of Otero County, filed a complaint entitled: "In the Matter of Certain Gambling Paraphernalia.", in which it is alleged that the Sheriff of Otero County in the execution of his office "seized said gambling *Page 134 
paraphernalia and held same subject to the disposition of this Court;"
The complaint then proceeds to describe the property in detail as follows:
1 electric nickel marble machine, "Keeney"
1 electric nickel roulette marble machine, "Panco Palooka"
1 electric nickel flash machine, "Galloping Dominoes"
1 electric nickel flash machine, "Lucky Star"
4 penny machines
2 nickel machines
5 nickel slot machines
And it is further alleged that: "The operation of said slot machines and gambling paraphernalia is prohibited under the criminal statutes of the State of New Mexico, as provided by Sec. 58-201 of the New Mexico Statutes Annotated, 1929, Comp.; and under said statutes of the State of New Mexico said gambling paraphernalia is declared to be a public nuisance." (Emphasis supplied.) It is then alleged in said complaint that: "At the time the said Sheriff of Otero County, New Mexico, seized and took possession of said gambling paraphernalia same was being operated in violation of statutes, hereinabove set forth, and that the operation of said paraphernalia being in violation of the criminal statutes of the State of New Mexico, and being detrimental to the general welfare of the people of the State of New Mexico, the same should be condemned by this Court and an order issued herein directing the Sheriff of Otero County, New Mexico, to destroy or dispose of said gambling paraphernalia under the direction of this Court;"
The appellant was allowed to intervene and we have recited some of his allegations. Other of his allegations were that said machines were seized without his knowledge or consent and that they have a distinct property value and that while they can be used for gambling, they have a value and use for purposes other than gambling. Appellant denies the allegations of the complaint that said machines were used for gambling or any other purpose of violation of the laws of New Mexico at the time they were seized. Appellant further alleged as follows: "Your petitioner will further show that no arrests have been made in connection with the operation of said machines and no charges have been filed and that no injunction proceedings have been instituted against this petitioner or any other person to restrain the use of said machines or any building in connection with the running of games or gambling devices and that this Court is without jurisdiction in this proceeding to grant the prayer of the complainant herein and order the destruction of the machines described in the Complaint herein."
The prayer of the Petition of Intervention of appellant is as follows: "Wherefore, your petitioner prays that he be *Page 135 
made a party to this suit and that upon the hearing, the prayer of the complainant be denied, the complaint dismissed, and an order of this Court made and entered requiring the Sheriff of Otero County to return to your petitioner the aforesaid machines belonging to him."
The State interposed a demurrer to the petition of intervention on the grounds that said equipment described in said complaint, being used in violation of the laws of the State of New Mexico, there was not and could not be any property right existing in said Intervener in and to said equipment, and therefore said Intervener had no standing in Court in a proceeding seeking the return of said equipment to the Intervener.
The District Court rendered an order and judgment, a portion of which is as follows:
"The Court, after considering said petition, demurrer and the argument of counsel, and being sufficiently advised in the premises, finds that the use of said equipment, described in said complaint, being in violation of the criminal laws of the State of New Mexico, and said equipment being declared bystatute to be a nuisance, and said Intervener has no property right in said equipment, and that the demurrer of the State of New Mexico should be sustained, and that the said Intervener should be granted further time in which to plead further herein; thereupon the said Intervener announced in open Court that he did not care to plead further, herein, but would stand upon his said petition;
"It is, therefore, considered, ordered and adjudged that the demurrer of the State of New Mexico be, and the same hereby is, sustained, and that the petition of the Intervener be, and the same hereby is dismissed. To which ruling of the Court, the said Intervener, in open Court duly excepts.
"Now this cause, at the same time and place, coming on for a further hearing upon the complaint of the State of New Mexico for an order, herein, authorizing the Sheriff of Otero County, New Mexico, to destroy the said equipment, described in said complaint, the same being gambling paraphernalia, and the Court, after considering said complaint and being sufficient advised in the premises, finds that the said Sheriff of Otero County, New Mexico, in the execution of his said office, and in preserving the peace and dignity of the State of New Mexico, seized certain gambling paraphernalia, as described in said complaint, and now has same in his possession; the Court further finds that the said equipment, described in said complaint,constitutes what is commonly known as gambling paraphernalia, the operation of which is prohibited by the laws of the State of New Mexico, as being in violation of the criminal laws of the State of New Mexico, and are declared by law to be a publicnuisance;
"The Court further finds that at the time the said gambling paraphernalia was seized by the said Sheriff the same was beingoperated and that the operating of *Page 136 same was in violation of thecriminal laws of the State of New Mexico; that the operation ofsaid gambling paraphernalia was detrimental to the generalwelfare of the people of the State of New Mexico, and is a publicnuisance, and that the same should be condemned by the Court and ordered destroyed, the Court doth so find; * * *
"It is, therefore, considered, ordered and adjudged that the said gambling paraphernalia, described in said complaint, be, and the same hereby is, a public nuisance, detrimental to the general welfare of the people of the State of New Mexico; that the same be, and it hereby is, condemned by this Court; and that the Sheriff of Otero County, New Mexico, be, and he hereby is, ordered forthwith to destroy said gambling paraphernalia in such manner so that the same may not be used in any manner detrimental to the general public of the State of New Mexico;" (Emphasis supplied.)
From the order, we conclude that the trial judge treated the demurrer of the state as a motion for judgment on the pleadings and we will so consider it.
Before proceeding to a decision it is necessary to appraise the decision of the trial court. In other words, are we now called upon to decide the interesting question of whether the machines described in the complaint, which are capable of being used for gambling, constitute a public nuisance regardless of the use to which they are put and, further, did the trial court so decide?
The Attorney General says in his brief:
"Appellant apparently contends that it is the use of gambling paraphernalia that is declared a nuisance by our statute. In answer to this contention, I merely cite a part of Section 58-209, New Mexico Statutes Annotated, 1929 Compilation, which states:
"`The existence of any gaming house, gambling table, banking game, gaming paraphernalia, gaming devices or any kind of equipment of a gambling house is hereby declared to be a public nuisance, * *.' (Emphasis mine.)
"It is noted that this section disregards use, and declares that the mere existence of gambling paraphernalia is a public nuisance."
The question at once arises as to whether the Attorney General has not stopped too soon with his marks of emphasis in the foregoing quotation from the statute and whether emphasis should not be placed on the phrase "of a gambling house" as a phrase qualifying articles theretofore mentioned; to wit, gambling tables, gaming tables, gaming devices or any kind of equipment.
The following excerpt from the brief of the appellant reflects his contention:
"It is true that by Ch. 86 of the Laws of New Mexico, 1921 (Sec. 58-201 to 58-212, both inclusive, NMS Comp. 1929) definitely prohibits gambling with certain devices including *Page 137 
slot machines and games played with cards, dice, and punchboards. If the contention of the plaintiff in this case is upheld that instruments which can and usually are used for gambling are perse gambling paraphernalia to be seized and destroyed at the request of every sheriff and Assistant District Attorney who may seize such property and inform the Court of their conclusions as to its character and use, drug stores and stationery houses will have to discontinue the sale of what has heretofore been recognized as a legitimate line of merchandise and many of our best citizens will learn that the deck of cards with which they have passed a social hour with friends at bridge or pitch has become an outlawed instrument of the devil in certain judicial districts of New Mexico for the reason that such a deck of cards is a necessary part of the paraphernalia for playing poker, a game which, according to the contention of the plaintiff in this case, only criminals indulge in.
"We cannot agree with the construction put upon Sec. 58-201 to 58-212 inclusive, NMS Comp. 1929, by the Assistant District Attorney, who filed the complaint in this case. It seems to be his contention that any and all instruments which may be used
in connection with gambling constitutes gambling paraphernalia; and he apparently construes the statute as authorizing the seizure of such equipment and its destruction by order of the Court in summary proceedings. The title of the Act, Ch. 86 of the Laws of 1921 does not indicate an intention to vest any such extraordinary powers in the law enforcement offices nor to the Courts. The title of the Act is "An Act to Prevent and Prohibit Gambling in the State of New Mexico." As we read the Act, theownership and possession of certain instruments such as cards, punchboards, dice and slot machines are not prohibited
by the Act nor is it unlawful to play with such instruments. It is only when such instruments are used in a game of chance that the participants are violating Sec. 1, of Ch. 86, of the Laws of 1921 (Sec. 58-201, NMS, Comp. 1929,) and it is only when gambling paraphernalia is contained in a gaming house, the closing ofwhich is sought by injunctive proceedings that its destruction isauthorized, and then only "by order of the district court uponany hearing for an injunction as provided by the terms of this act." Sec. 58-209, NMS, Comp. 1929, supra.
"`It is the use of such articles as slot machines and gaming tables as a means of accomplishing unlawful acts, and not the articles themselves which the law condemns.' 24 Am.Jur., P. 437. The fact that the statute gives jurisdiction to the Court to order destruction of gambling paraphernalia contained in a building, the closing of which is sought under Sec. 6 of Ch. 86, of the Laws of 1921, does not vest jurisdiction in the Court to order destruction of property in some other proceeding." (Emphasis supplied)
Further appraising the argument of the parties, it seems to be the view of appellee that under Section 9 of the act, the mere *Page 138 
existence of gambling paraphernalia and gaming devices is mala in se and accordingly they may be destroyed by order of the District Court in a summary proceeding independent of a hearing on an application for injunction against the use of any building, room, premises or place mentioned in Section 8 of the act as being used for the purpose of gaming. In other words, it seems to be the view of the appellee that the gaming paraphernalia and gaming devices are declared to be a public nuisance whether they are the equipment of a gambling house or not.
On the other hand, it is suggested by appellant that the phrase "gaming paraphernalia, gaming devices or any kind of equipment of a gambling house" when properly construed in connection with other portions of the act means that gaming devices are declared to be a public nuisance and subject to destruction as provided by the act when, and only when, they are being used "to play at, run or operate any game or games of chance such as keno, faro, monte, passfore, passmonte, twenty-one, roulette, chuck-a-luck, hazard, fan-tan, poker, stud poker, red and black, high and low, craps, blackjack or any other game or games of chance played with dice, cards, punchboards, slot machines or any other gaming device by whatsoever name known, for money or anything of value" as described to be unlawful in Section 1 of the act.
As a part of the foregoing contention, appellant says that there are many things such as playing-cards, billiard tables and dice, that are suitable for and are often used as gambling devices but they are also fit and may be used for innocent and harmless amusement and as furniture and other lawful and beneficial purposes. He says that the ownership, possession and use of such things are not prohibited by law except insofar as such articles when used in connection with unlawful gaming may be declared to be nuisances. He says the manufacture or creation of such articles is not forbidden. He argues that they are sometimes treated as ordinary articles of merchandise, may be stored in warehouses, exposed to sale, purchased and used in the family home or hall as furniture for innocent amusement, kept as curiosities, and for all other purposes but unlawful gaming. Appellant cites the text, which in turn cites a case of State v. Derry, 171 Ind. 18, 85 N.E. 765, 131 Am. St.Rep. 237.
These respective views of appellant and appellee present an interesting question. If we were quite certain that the trial court's order of destruction was based upon the theory presented by the Attorney General, we would undertake to give an answer.
If the contention of the Attorney General and District Attorney is as we have attempted to state it, we fail to perceive the reason for the allegation in the complaint that at the time the said Sheriff of Otero County, New Mexico, seized and took possession of said gambling paraphernalia *Page 139 
same was being operated in violation of the statutes hereinabove set forth (Referring to Sec. 1 of the act prohibiting gaming, heretofore quoted), or why the trial court in its Order and Judgment made the finding "The Court further finds that at the time the said gambling paraphernalia was seized by the Sheriff the same was being operated and that the operating of same was in violation of the criminal laws of the State of New Mexico;"
If the mere existence of the machines described in the complaint makes them a public nuisance by the provisions of Sec. 9 of the act regardless of the use to which they are put, why the allegation and finding that they were at the time seized being used in violation of the laws prohibiting gambling?
If the trial court took the view that use for gambling is an element necessary to establish the machines a public nuisance (as reflected in his Judgment) then an issue of fact was presented by the pleading.
The complaint alleged that such machines were being used for gambling and this the Intervener (appellant) denies. If this is a material issue the Court should hear evidence and make findings of fact and conclusions of law. We are not prepared to assume that the allegation of the complaint and the finding of the Court, last heretofore quoted and referred to, are surplusage. "Where a material issue is tendered by the pleadings, judgment on the pleadings is improper." Page v. Town of Gallup, 26 N.M. 239,191 P. 460, 461.
We think it is appropriate that we should postpone a decision of some interesting questions suggested until they are submitted squarely and unattended by controversy as to the facts of the case which may control vital factors of the problem. The questions reflected are of public importance and we avoid writing any dicta thereon.
The Judgment will be reversed and the cause remanded with direction to overrule the demurrer and deny the motion for judgment on the pleadings, if said demurrer is so treated, and for such further proceedings as may be proper, consistent with the views herein expressed.
It is so ordered.
SADLER, Acting C.J., and MABRY, and BRICE, JJ., concur.
ZINN, C.J., did not participate.